IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00640-MEH

EDWIN LEE VANMAANEN,

    Plaintiffs,

v.

NORTHERN PLAINS TRUCKING,

    Defendant.

---

## ORDER OF DISMISSAL

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failures to comply with this Court's orders. For the reasons that follow, this case is dismissed with prejudice.[1]

The Plaintiff originated this action on March 17, 2016 and is proceeding *pro se* and *in forma pauperis*. ECF Nos. 1, 4. On March 31, 2016, the Court granted service of process by the U.S. Marshal and, following service, held a Scheduling Conference in this case on May 26, 2016. ECF Nos. 8, 20. Meanwhile, the Defendant filed a "Motion to Dismiss or, in the Alternative, Motion for More Definite Statement" in response to the operative pleading (ECF No. 13). At the Scheduling Conference, the Plaintiff presented a document saying he intended it to be an explanation of his claims and the Court accepted it as such. ECF Nos. 23, 24. Accordingly, the Court denied the motion to dismiss without prejudice and denied the alternative motion for more definite statement as moot. ECF No. 24. Defendant filed an Answer to the Complaint and Plaintiff's Statement on

---

[1] The parties consented to this Court's jurisdiction on May 26, 2016. ECF Nos. 22, 25.

May 31, 2016 (ECF No. 26) and discovery proceeded.

Defendant timely filed a Motion for Summary Judgment on December 5, 2016. ECF No. 30. Meanwhile, the parties requested the Court's assistance with a discovery "dispute" (ECF No. 29), and the Court held a conference on December 12, 2016 at which Plaintiff appeared *pro se* and Defendant by its counsel; Defendant argued and the Plaintiff conceded he had failed to submit initial disclosures and respond to Defendant's discovery requests. ECF No. 33. Accordingly, the Court ordered Plaintiff to respond to Defendant's discovery requests on or before December 19, 2016, then scheduled a follow-up conference for December 20, 2016. *Id.* Plaintiff and Defendant appeared at the December 20, 2016 conference, but Plaintiff had failed to respond to Defendant's discovery requests. ECF No. 35. Thus, the Court ordered that Plaintiff was to respond to all outstanding discovery requests on or before January 13, 2017, and his failure to fully respond would result in the Court dismissing the case for Plaintiff's lack of prosecution. *Id.* Plaintiff filed a form "Motion for Appointment of Counsel" that same day, but the Court denied the motion without prejudice for Plaintiff's failure to demonstrate an "inability" to "retain an attorney by other means" by simply stating "I can't come up with finances to retain a lawyer," and instructed the Plaintiff that he "may re-file his motion and provide to the Court his own testimony (by affidavit or declaration) and/or copies of any documents or other information demonstrating 'limited financial means.'" ECF No. 38.

Plaintiff timely responded to the pending motion for summary judgment on December 30, 2016 and the Defendant timely replied on January 13, 2017; in its reply brief, the Defendant informed the Court that Plaintiff still had not responded to the outstanding discovery requests. ECF No. 41. Consequently, on January 20, 2017, the Court issued an order setting another discovery

conference for February 6, 2017. ECF No. 42. The Court ordered that Plaintiff and counsel for Defendant appear in person and "[f]ailure to comply with this order may result in sanctions up to and including dismissal or default." *Id.* The Court's Case Management/Electronic Case Filing (CM/ECF) system reflects that the order was mailed to the Plaintiff at his current address on January 20, 2017. *Id.*

On January 23, 2017, Plaintiff filed a second motion for appointment of counsel (ECF No. 44); however, because the Plaintiff failed to comply with the order to provide an affidavit or declaration or other document[s] demonstrating his lack of finances at this stage of the litigation (*see id.*),[2] the Court also denied the second motion without prejudice, but stated that the Court would "entertain the Plaintiff's request, if he chooses to make it, at the February 6, 2017 conference." ECF No. 45. The Court's CM/ECF system reflects that the order was mailed to the Plaintiff at his current address on January 24, 2017. *Id.*

On February 6, 2017, the Defendant, through its counsel, appeared at the discovery conference, but the Plaintiff failed to appear.

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. After the Court was notified that Plaintiff had neither submitted his initial disclosures nor responded to the Defendant's discovery requests by the close of the discovery period, the Court ordered Plaintiff to respond to the Defendant's discovery requests

---

[2]Although the Court has since recognized that it incorrectly cited D.C. Colo. LAttyR 15.1(e)(1)(C) rather than the correct cite, D.C. Colo. LAttyR 15.1(e)(1)(A), in its first order, the Court also observed that Plaintiff's original sworn application to proceed *in forma pauperis* in this case was filed more than nine months earlier and determined that, because Plaintiff cited his "lack of finances" as his "inability to retain an attorney by other means," such lack should be "demonstrated" by something more than an unsworn statement in a form motion.

on or before December 19, 2016; then, when he failed to do so, the Court gave him another 25 days to submit discovery responses, but according to the Defendant, he failed to do so. And as noted, Plaintiff did not appear on February 6, 2017. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same court orders and rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss,[3] the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set

---

[3]In this case, the Defendant filed a motion to dismiss for failure to prosecute following the Court's order setting the February 6, 2017 discovery conference. ECF No. 43. However, because the Plaintiff failed to comply with the Court's order to appear at the discovery conference, the Court determined it proper to consider dismissal as a sanction *sua sponte*.

forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Regarding the first factor, the degree of *actual* prejudice to the Defendant, the Court acknowledges the difficulty, in general, of constructing a defense without requested information concerning a plaintiff's claim and damages. However, here, the Court finds that despite its lack of discovery from the Plaintiff, Defendant timely filed a motion for summary judgment and has not informed the Court that further discovery is necessary for resolution of the motion. Thus, at this stage of the litigation, the Court finds this factor weighs in favor of neither position.

Concerning the second factor, Plaintiff's lack of response to this Court's orders and his failure to appear has interfered with the judicial process in that the Court has been unable to advance this case. Additionally, the necessity of holding *three* discovery conferences to address the Plaintiff's failures increases the workload of the Court and interferes with the administration of justice. This factor weighs in favor of dismissal.

Furthermore, the Plaintiff has provided no justification for his failures to respond to Court orders and to participate in the litigation; certainly, he has shown his ability to comply through his

previous court appearances, his Statement of Claims (ECF No. 23), and his response to the motion for summary judgment (ECF No. 40).  Thus, his culpability in failing to comply is evident.

Moreover, Plaintiff was warned in person at the December 20, 2016 conference, and in writing by the conference's minutes and in the Court's January 20, 2017 order setting the third discovery conference that any failures to comply may result in dismissal for his failure to prosecute; yet, he has made no response.  Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here.  The Plaintiff appears to have essentially abandoned this litigation and he claimed on December 20, 2016 that he could "not come up with finances to retain a lawyer" (ECF No. 37); thus, no monetary sanction would be practical.  The Court concludes that dismissal with prejudice is the appropriate result.

In sum, the Plaintiff appears to have abandoned his claims in this matter.  He has failed to prosecute the case with due diligence by his failures to appear at the Discovery Conference on February 6, 2017, and to comply with the applicable rules and this Court's orders to respond to Defendant's discovery requests.  All written orders have been mailed to the Plaintiff's current address, but Plaintiff has not sought any extensions of time within which to comply or any continuances of the conference.  For these reasons, dismissal of this action against the Defendant is warranted.

SO ORDERED.

Dated this 7th day of February, 2017 in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge